# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

LEE EDWARD SZYMBORSKI,

Plaintiff,

vs.

THE CITY OF NORTH LAS VEGAS, *et al.*,

Defendants.

2:19-cv-00335-JAD-VCF

**ORDER**

Before the court is the Joint Discovery Plan and Scheduling Order (ECF No 26).

The parties request that discovery is stayed until after the resolution of the pending Motion to Dismiss. *Id.* The court will treat the Joint Discovery Plan and Scheduling Order (ECF No. 26) as a stipulation to stay discovery.

## **LEGAL STANDARD**

When evaluating a request to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED.R.CIV.P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost,

the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1). Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (*citing Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975)).

Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co.*, 125 F.R.D. 508 (D. Nev. 1989) (*citing Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982). Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *Id.* (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* The purpose of the "preliminary peek" is not to prejudge the outcome of the motion

to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

## **DISCUSSION**

After a "preliminary peek" and in light of the goals of Rule 1 to "secure the just, speedy, and inexpensive" determination of all cases, the Court finds that Defendants' Motion to Dismiss (ECF No. 9) has merit and may resolve all issues in controversy and demonstrates good cause to stay discovery. The parties will not need to incur unnecessary discovery costs during the pendency of the motion to dismiss. *See* FED. R. CIV. P. 1.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the parties' Stipulation to Stay Discovery (ECF NO. 26) is GRANTED. In the event resolution of Defendants' motion to dismiss (ECF No. 9) does not result in the disposition of this case, the parties must file a new joint discovery plan within 20 days of the issuance of the order deciding that motion.

IT IS FURTHER ORDERED that a status hearing is scheduled for 10:00 a.m., September 23, 2019, in courtroom 3D, located on the third floor of the Lloyd D. George U.S. Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

DATED this 5th day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE